UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEXTECH SYSTEMS, INC.,

    Plaintiff,

v.                                      CASE NO.: 8:09-cv-793-T-23TBM

PATIENT NOW, INC., and JERRY
JACOBSON,

    Defendants.
_____/

## **ORDER**

The plaintiff sues (Doc. 2) for a violation of Section 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a). The defendants allegedly used the plaintiff's registered trademark to promote the defendants' business, which use included (1) repeatedly displaying the "NexTech" trademark in mass e-mails to clients and "sales prospects;" (2) purchasing a "sponsored link" on www.google.com, which link displayed the defendants' web site upon a consumer's searching Google for "NexTech;" and (3) improperly obtaining information about the plaintiff's business. On May 10, 2010, the mediator announced (Doc. 35) a settlement of this matter. The parties stipulate (Doc. 39) to a permanent injunction against the defendants and state that the defendants' using the plaintiff's registered trademark (1) created a likelihood of confusion between the plaintiff's and the defendants' products and (2) caused the plaintiff irreparable injury, which will continue if the defendants continue using the plaintiff's trademark. The parties also move (Doc. 40) to either stay or administratively close the case.

Pursuant to 15 U.S.C. §§ 1125 and 1116 and Rule 65, Federal Rules of Civil Procedure, the stipulation (Doc. 39) is **APPROVED**.  The defendants are **ENJOINED** from either directly or indirectly infringing the registered "NexTech" trademark by using (without the prior written consent of the plaintiff) the NexTech trademark (1) to promote the defendants' business, (2) in connection with any search engine "sponsored link" service, or (3) as a means of obtaining information from or about the plaintiff.  The court retains jurisdiction to enforce the injunction.  Additionally, the motion (Doc. 40) to administratively close the case is **GRANTED**.  The Clerk is directed to (1) terminate any pending motion and (2) **ADMINISTRATIVELY CLOSE** the case.  Within ninety (90) days after entry of this order the parties may either (1) submit a stipulated form of final order or judgment or (2) move to re-open this action upon a showing of good cause.

ORDERED in Tampa, Florida, on May 25, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE